UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 4:19-cr-00028-TWP-VTW |
| LEON MARCEL CURRY, | ) ) ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR IMMEDIATE RELEASE
DUE TO DANGER FROM CORONAVIRUS**

This matter is before the Court on Defendant, Leon Marcel Curry's ("Curry") Motion for Immediate Release Due to Danger From Coronavirus, (Filing No. 33).  Curry asks the Court for temporary release from detention due to the Coronavirus ("COVID-19") pandemic.  The Government filed a Response in Opposition on May 4, 2020.  (Filing No. 36.)   For the following reasons, the Motion is **denied**.

**I. BACKGROUND**

Curry, a 33-year-old male, is presently detained at Floyd County Jail in New Albany, Indiana.  On November 6, 2019, Curry was charged by Indictment with Possession with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii).  (Filing No. 14.) He was arrested and appeared before the Magistrate Judge for an initial hearing on the Indictment on November 19, 2019.  Curry waived his right to a detention hearing and he was remanded to the custody of the U.S. Marshal pending further proceedings.  (Filing No. 27.) This matter is currently set for a Final Pretrial Conference on August 5, 2020 and a trial by jury on August 24, 2020.

Curry requests temporary release to home incarceration because of the COVID-19 outbreak; however, he cites no specific medical ailments or health issues, nor were any reported during his pretrial interview, that would put him at an increased risk of infection or serious illness were he to contract the virus. (Filing No. 33.) He requests pretrial release and supervision by the United States Probation Office pursuant to 18 U.S.C. § 3142(i), because he is a person at risk for serious illness from COVID-19. *See* CDC (March 12, 2020) at https://bit.ly/2vgUt1P. Curry asserts that the health risk to himself and the community is heightened in this pandemic situation given the conditions in the local jails, where it is impossible to practice safe distancing and proper hygiene. *Id*. at 1. He argues this necessitates temporary release on bail until this pandemic has ended. *Id*. Curry asks that he be released temporarily to home confinement with GPS monitoring; however, he does not state where and with whom he would live during home confinement.

## II.  ANALYSIS

As an initial matter, the Court determines that a hearing is not necessary. When a criminal defendant appears before a judicial officer, the judicial officer must order the "pretrial release" of the person, subject to certain conditions, unless "the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person in the community." 18 U.S.C. § 3142(b). The judicial officer "may, by subsequent order, permit the temporary release of the person … to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." *Id.* § 3142(i).

The Government opposes Curry's release arguing that his release under any circumstances represents an unacceptable danger to our community and a substantial risk of nonappearance. They assert that Curry has a serious criminal history which includes multiple crimes, including

felony convictions for cocaine, methamphetamine, and heroin dealing or possession. He has violated his probation at least twice. In addition, he faces serious penalties if convicted, including a statutory mandatory minimum sentence of at least ten years. ([Filing No. 36 at 8](#).) The Government also contends that due to Curry's multiple felony convictions for dealing drugs, he may qualify as a career offender if he is convicted of the charge in the Indictment. *Id*. The Government notes that Curry makes no specific claim that he suffers from any medical conditions that demonstrate any particularized risk to him of COVID-19 infection. Thus they argue that Curry offers no extraordinary circumstances justifying his release pursuant to 18 U.S.C. § 3142(I).

At the Court's request, the United States Probation Office has assessed whether any conditions or combination of conditions would ensure safety of the community if Curry were released due to the COVID-19 pandemic. According to the actuarial tables in the probation Risk Instrument, Curry is a risk Category 5. He has a 7% chance of failing to appear; a 13% chance of obtaining a new criminal arrest; a 19% chance of having a technical violation; and an overall risk of violating release conditions of 35%. Risk Category 5 indicates that Curry is a high risk of flight and/or danger to the community. Based on this information, the probation officer does not believe a combination of conditions exists that would ensure safety of the community if Curry were released.

It is undisputed that the entire United States—including Indiana and Kentucky—is in the midst of a COVID-19 pandemic. Curry seeks release from detention due to the COVID-19 virus, however, he cites no specific medical ailments or health concerns that put him at an increased risk of infection or serious illness. In support of his request, the defendant cites the general risk posed to those individuals in detention over other individuals to contract the virus. In fact, the Bail Report indicates he reported being in "excellent physical health" at the time of the pretrial interview. He

3

is 33 years old and not otherwise in a category deemed at risk for the COVID-19 virus. The Court concludes that Curry's circumstances have not changed to an extent that would warrant his release from detention. The resources of the United States Probation Office are presently limited, and the Court finds no combination of conditions exist that will ensure the safety of the community if Curry is released. Therefore, his Motion is **denied**.

### III.  CONCLUSION

For the reasons set forth above, Curry's Motion for Immediate Release Due to Danger From Coronavirus, (Filing No. 33), is **DENIED**.

**SO ORDERED.**

Date:  5/6/2020

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Patrick J. Renn
prenn@600westmain.com

William Lance McCoskey
UNITED STATES ATTORNEY'S OFFICE
william.mccoskey@usdoj.gov